**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| EP PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-425C<br>(Judge C. Miller) |

**CONSOLIDATED OBJECTION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME AND REQUEST FOR PERMISSION TO COMMENCE DISCOVERY DUE TO DEFENDANT'S CONTINUED DELAYS AND THE POSSIBLE UNAVAILABILITY OF WITNESSES**

COMES NOW, EP Productions, plaintiff and by and through counsel, files its Consolidated Objection To Defendant's Motion For Enlargement Of Time And Request For Permission To Commence Discovery Due To Defendant's Continued Delays And The Possible Unavailability of Witnesses, respectfully showing as follows:

1.

On April 1, 2005, plaintiff filed its Complaint and defendant had until May 31, 2005 to file its Answer, Affirmative Defenses and any other responsive pleadings.

2.

Prior to filing the Complaint in this case, plaintiff provided numerous materials in support of its termination for convenience and negotiated the termination for convenience at the agency level for not less than seven months.

3.

Despite defendant having substantial materials at its disposal, it filed a motion for extension of time on May 25, 2005, requesting almost two (2) extra months to file

an Answer in this case. Plaintiff consented to the extension, understanding that the Agency would be slow to produce the required information to counsel.

4.

The Court then entered an Order extending the time until July 15, 2005 for defendant to answer.

5.

Now, defendant files yet another motion to extend the time in which to file an Answer based upon the theory that it intends to develop a counterclaim for fraud derived from a CID investigation. It asks for another forty-five (45) days.

6.

What defendant fails to mention in its new motion for extension of time is that the CID has been investigating the alleged "fraud" for well over a year. If the Agency cannot manufacture enough of evidence to show such a "fraud" was committed after a year of investigation (and with unlimited government resources at hand), then an extra month or so is not going to give it enough to survive a claim for Rule 11 sanctions should such a claim be advanced.

7.

Further, it is the belief of plaintiff that defendant, through its tactics towards potential witnesses, is attempting to terminate witnesses, making it impossible for plaintiff to obtain certain testimony in support of its claims.

8.

Given this backdrop, plaintiff objects to an extension of time in which defendant may file an answer unless the Court will permit plaintiff to commence discovery in the

form of depositions to preserve witness testimony – testimony that plaintiff believes will be unattainable should the employees/officers be terminated prior to the mandatory discovery conference.

WHEREFORE, plaintiff respectfully prays as follows:

a) that defendant's motion for extension of time be overruled and denied;

b) that defendant be forced to immediately file its Answer and any applicable responsive pleadings;

c) that plaintiff be permitted to immediately commence depositions to preserve witness testimony for trial – testimony that may not be attainable if further delay occurs; and

d) for such other and further relief as this Court may deem just and appropriate under the circumstances.

This 1st day of August, 2005.

___________________________

ROBERT ABNEY FRICKS
Georgia State Bar No. 277135
Attorney for EP Productions, Inc.

THE FRICKS FIRM, P.C.
239-B Smithville Church Road
Warner Robins, Georgia 31088
Telephone (478) 953-2312
Telecopier (478) 971-3871
e-mail: rob@fricksfirm.com