**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| EP PRODUCTIONS, INC<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 05-425C<br>(Judge C. Miller) |

**ANSWER TO COUNTERCLAIM**

COMES NOW, EP Productions, Inc., plaintiff and defendant-in-counterclaim ("EP") and files its Answer and Affirmative Defenses to the Counterclaim of the United States (the "Government") in the above-styled action as follows:

FIRST DEFENSE

The Counterclaim of the Government fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Government has failed to show requisite proof to entitle it to damages under the antifraud provision of the Contract Disputes Act, 41 U.S.C. § 604. Further, fraud, as alleged in this case, must be pled with particularity, which the Government has failed to do.

THIRD DEFENSE

Some or all of the Government's claims may be barred by the applicable limitations period.

FOURTH DEFENSE

The Government has unclean hands and its recovery is barred thereby.

FIFTH DEFENSE

As to the enumerated allegations contained in the Government's Counterclaim and as further defense, EP responds as follows:

107.

EP admits that a counterclaim can arise under the designated statutes, but denies that it engaged in any conduct sufficient to give rise to a viable cause of action by the Government. EP further admits that this Court would have jurisdiction over the types of claims alleged by the Government, but denies it engaged in any such conduct.

108.

EP admits that the Government has asserted itself as the plaintiff-in-counterclaim and that the United States is otherwise the defendant in this case.

109.

EP admits that it is the plaintiff and named as defendant-in-counterclaim in this case, but denies that it is properly a defendant, as it did not engage in the alleged fraudulent conduct.

110.

EP admits the allegations contained in Paragraph 110 of the Government's counterclaim.

111.

EP admits the allegations contained in Paragraph 111 of the Government's counterclaim to the extent it recites provisions of FAR.

112.

EP admits the allegations contained in Paragraph 112 of the Government's counterclaim to the extent they again recite provisions of FAR.

113.

EP admits the allegations contained in the first grammatical sentence of Paragraph 113 of the Government's counterclaim. As to the second grammatical sentence, EP shows that the same calls for a legal conclusion as to what the Contract "contemplated" of EP. EP shows that regardless of what the Contract "contemplated," it acted in good faith and to the extent the allegation in any way suggests that EP acted fraudulently, the allegation is denied.

114.

EP admits that Attachment 5 as referenced in Paragraph 114 of the Government's counterclaim stated as alleged, but to the extent it purports to allege anything further, EP denies.

Modification of the Contract

115.

EP admits the allegations contained in Paragraph 115 of the Government's counterclaim only to the extent that it did engage in negotiations with the Government regarding registration fees after discussions were held regarding food and beverage minimums and the possibility of registration fees not covering mandatory minimums the Government promised EP. As further explanation and defense, the Government informed EP that it would require free admission to attendees of the Symposium who were from National Defense Transportation Association ("NDTA"), a nonparty, non-

governmental entity/agency made up of former military and SDDC (formerly MTMC) officials. EP had already inquired about the propriety of providing in excess of $300,000 of revenue for exhibit space to the NDTA. That is, the Government now proposed to allow NDTA to avoid paying to attend the conference, thereby reducing the amount of registration fees collected by EP and modifying the minimums promised by the Government to EP for the Symposium. As to the balance of the allegations and to the extent the allegations in this Paragraph in any way allege fraud on the part of EP, those allegations are denied.

116.

EP admits only that the Government did ask for a copy of the EP-Adams Mark contract but shows that the requested statements and the content contained therein was recommended by the Government for inclusion.

117.

EP admits the allegations contained in Paragraph 117 of the Government's counterclaim and as further defense, shows that Government had just been threatened with a lawsuit over the prior year's contract with the Hotel, did not want a copy of the hotel contract at the time and further, did not want a copy of the hotel contract to conflict with the language was propounded at the request of the Government.

118.

EP admits the allegations contained in Paragraph 118 of the Government's counterclaim.

119.

EP admits the allegations contained in Paragraph 119 of the Government's counterclaim.

120.

EP lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in the first grammatical sentence of Paragraph 120 of the Government's counterclaim with respect to what the Government based its decision to agree to modify the Contract. However, EP admits the balance of the allegations contained in said Paragraph, denying the allegations only to the extent they purport to allege wrongful acts on the part of EP. As further defense, EP shows that the Government ignores important details relevant not only to the negotiations, but the adoption of the Amendment to the Contract. That is, it followed the Government's (Agency's) blunder regarding giving the NDTA in excess of $300,000.00 in unlawful revenue arising from mandatory free exhibit space to the NDTA. It also followed the Government's request that it allow NDTA attendees a free ticket to the Symposium.

EP's Claims

121.

EP admits the allegations contained in Paragraph 121 of the Government's counterclaim.

122.

EP admits the allegations contained in Paragraph 122 of the Government's counterclaim. As further defense, the Government knew exactly the number of attendees, negotiated and recommended the proposed change and refused to pay the

modification, instead, unilaterally converting the same to a claim as to what amounts to a retaliatory act.

123.

EP admits the allegations contained in Paragraph 123 of the Government's counterclaim because all of the documentation had been provided to the Government.

124.

EP admits the allegations contained in Paragraph 124 of the Government's counterclaim. However, as further defense, EP shows that alleged "claim" was not a claim at all, but rather a modification to the Contract. Notwithstanding the fact that the alleged "claim" was the part of a negotiated modification, the efforts of the Government to characterize it as a claim is a retaliatory act in response to the "whistle blowing" of EP with respect to the fraudulent acts of the Government officials involved in the Contract.

125.

EP admits only that it be requested, in conjunction with its Complaint in this case, that it be paid under the modification.

EP's False Statements and Fraudulent Claims

126.

EP denies each and every allegation contained in Paragraph 126 of the Government's counterclaim to the extent fraud is alleged against EP. EP admits subparagraph (c) with respect to the actual food and beverage expense, but as further defense, shows that other factors, including discounts and credits make up that number.

Further it was a negotiated amount that was set forth at the request of the Government following its attempts to cover up its inappropriate relationship with NDTA.

The balance of the Paragraph is denied.

127.

EP denies each and every allegation contained in Paragraph 127 of the Government's counterclaim

Count I

Forfeiture of Fraudulent Claims

28 U.S.C. § 2514

128.

No response required. However, to the extent the incorporation Paragraph No. 128 in any way indicates fraud or wrongful conduct on the part of EP, it is denied.

129.

EP denies each and every allegation contained in Paragraph 129 of the Government's counterclaim.

130.

EP denies the allegations contained in Paragraph 130 of the Government's counterclaim.

Count II

Contract Disputes Act

41 U.S.C. § 604

131.

No response required. However, to the extent the incorporation Paragraph No. 131 in any way indicates fraud or wrongful conduct on the part of EP, it is denied.

132.

EP denies the allegations contained in Paragraph 132 of the Government's counterclaim. As further defense, it shows that the requested language of the certification was made at the request of the Government.

133.

EP denies the allegations contained in Paragraph 133 of the Government's counterclaim.

SIXTH DEFENSE

EP is not liable to the Government in any amount or sum whatsoever.

Count III

False Claims Act – Presentation of False Claims

31 U.S.C. § 3729(a)(1)

134.

No response required. However, to the extent the incorporation Paragraph No. 134 in any way indicates fraud or wrongful conduct on the part of EP, it is denied.

135.

EP denies the allegations contained in Paragraph 135 of the Government's counterclaim.

136.

EP denies the allegations contained in Paragraph 136 of the Government's counterclaim. As further defense, it shows that the alleged "claim" was not a claim but arising out of a modification. Further, the substance of the modification was proposed by the Government in response to its wrongful activity regarding the NDTA.

Count IV

False Claims Act – Use of False Statements

31 U.S.C. § 3729(a)(2)

137.

No response required. However, to the extent the incorporation Paragraph No. 137 in any way indicates fraud or wrongful conduct on the part of EP, it is denied.

138.

EP denies the allegations contained in Paragraph 138 of the Government's counterclaim and further shows that the alleged "claims" were not claims. EP further shows that statements and certifications, including the content thereof, were done at the direction of government employees and officers.

139.

EP denies the allegations contained in Paragraph 139 of the Government's counterclaim.

Count V

False Claims Act – Conspiracy to Defraud

31 U.S.C. § 3729(a)(3)

140.

No response required. However, to the extent the incorporation Paragraph No. 140 in any way indicates fraud or wrongful conduct on the part of EP, it is denied.

141.

EP denies the allegations contained in Paragraph 141 of the Government's counterclaim.

142.

EP denies the allegations contained in Paragraph 142 of the Government's counterclaim.

SEVENTH DEFENSE

To the extent not specifically admitted above, EP denies each and every allegation contained in the Government's counterclaim.

Prayer for Relief

WHEREFORE, EP respectfully prays as follows:

a) that each of the Government's prayers (a) through (f) be denied;

b) that the Government's counterclaim be dismissed;

c) that the costs be taxed against the Government; and

d) for such other relief as this Court may deem just and appropriate under the circumstances.

This 12th day of September, 2005.

**THE FRICKS FIRM, P.C.**

/s/
____________________________
By ROBERT ABNEY FRICKS
Georgia Bar No. 277135

Attorneys for EP Productions, Inc.

239-B Smithville Church Road
Warner Robins, Georgia 31088
Telephone (478) 953-2312
Facsimile (478) 971-3871
rob@fricksfirm.com

VERIFICATION OF EP PRODUCTIONS, INC.

Personally appeared before me, the undersigned officer duly authorized to administer oaths came Elizabeth Porter, who states that she is authorized to verify this Answer on behalf of EP Productions, Inc. as the president thereof and that the facts contained in the foregoing Answer to Counterclaim are true and correct to the best of her knowledge and belief.

This 12th day of September, 2005.

EP PRODUCTIONS, INC.

/s/
____________________________
By Elizabeth Porter, President

/s/
________________________
NOTARY PUBLIC