IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EP PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-425C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report ("JPSR").

a. Jurisdiction

Neither party has identified a reason to question the Court's jurisdiction to entertain any of the claims presented by the parties at this time. Defendant states that the Court possesses jurisdiction to entertain the Government's counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56?

At this time, the parties cannot state whether dispositive motions will be filed. After sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56.

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether defendant failed to properly compensate plaintiff for just damages arising out of defendant's termination for convenience.

(2) Whether defendant failed to pay a valid modification submitted by plaintiff for work performed under the terms of the contract between the parties.

(3) Whether defendant, through its officers and designees, acted in bad faith and with bias against plaintiff when considering the termination for convenience claim of plaintiff.

(4) Whether defendant, through its officers and designees, fraudulently induced plaintiff into submitting a claim or modification based upon information provided by defendant's representatives to plaintiff.

(5) Whether defendant is liable to plaintiff for all fees and costs incurred in connection with its prosecution of this termination for convenience action.

Plaintiff reserves the right to supplement its response hereto as discovery is ongoing.

Defendant's Issues:

(1) Whether plaintiff fraudulently induced the contracting officer to enter into Modification No. P00005 (“Mod. 5") based upon a misrepresentation of a $350,000 minimum food and beverage provision in plaintiff’s contract with the Adams Mark Hotel, and then continued the fraud by claiming entitlement to $25,070 based upon the fraudulent provision.

(2) Whether the United States is entitled to recover $25,070, the total amount of plaintiff’s fraudulent claim, pursuant to the antifraud section of the Contract Disputes Act, 41 U.S.C. § 604, in addition to the costs incurred in investigating the false claim.

(3) Whether the United States is entitled to penalties pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733.

(4) Whether plaintiff’s entire claim in this Court is forfeited pursuant to 28 U.S.C. § 2514.

(5) Whether the contracting officer properly denied part of plaintiff’s claim arising from a partial termination for convenience because plaintiff failed to provide adequate supporting documentation to demonstrate the reasonableness of its alleged costs.

(6) Whether the contracting officer properly denied plaintiff’s claim of $25,070 for reimbursement of costs associated with its alleged $350,000 minimum payment to the Adams Mark Hotel for food and beverage expenses, given that such costs were never incurred, and plaintiff’s statement that its contract with the Adams Mark Hotel required a $350,000 minimum payment was false.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties will pursue settlement negotiations as appropriate as the litigation progresses. The parties have also agreed to consider, at an appropriate time, whether to pursue alternative dispute resolution.

j. Do the parties anticipate proceeding to trial?

As stated above, after sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Joint Proposed Scheduling Plan

The parties agree that written and document discovery will be completed by March 3, 2006. The parties agree that depositions will be completed by June 5, 2006. The parties agree that, in the event expert testimony is necessary, initial expert discovery will be completed by August 4, 2006, and expert rebuttal discovery shall be completed by October 2, 2006.

CONCLUSION

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

S/ ROBERT A. FRICKS
ROBERT A. FRICKS
Attorney
The Fricks Firm, P.C.
239-B Smithville Church Rd.
Warner Robins, GA 31088
Tel: (478) 953-2312
Fax: (478) 971-3871

November 3, 2005

Attorney for Plaintiff

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 353-7578
Fax: (202) 353-7988

November 3, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 3, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK