IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EP PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-425C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, hereby requests that plaintiff, EP Productions, Inc. ("EP"), answer each of the following interrogatories separately and fully, in writing, and under oath, within 30 days of service. Pursuant to RCFC 26 and 34, defendant further requests that EP produce the documents requested below.

These requests shall be deemed continuing, so as to require supplemental response(s) if EP obtains additional information and/or discovers additional documents after service of its original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

DEFINITIONS

The following definitions will govern the meaning of words used in these discovery demands, and when applicable, the scope of such demands:

1. "Plaintiff," "EP Productions, Inc.," "Ms. Porter,"

"you," "your," and "yours" shall mean and include Elizabeth Porter, EP Productions, Inc., its employees and any agents.

2. "Military Surface Deployment and Distribution Command ("SDDC")" shall refer to the United States Military Surface Deployment and Distribution Command, and its employees.

3. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

4. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings, or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, interofice or intraoffice communications, electronic messages or mail, invoices, bills, written estimates, contracts, agreements, analysis, instruction, protocol, minutes of meetings, workpaper, log, plan, license, receipt, ledger, shipping or receiving documents, diagrams, drawings, designs, books, records, articles, tickets, hotel receipts, telephone records, business plans, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or

production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

9. "Complaint" refers to the pleadings filed by plaintiff to commence this action. "Answer" refers to the pleadings filed by plaintiff in response to the Government's answer and counterclaim.

10. "Identify" or "identity" shall have the following meanings:

(A) When used in reference to an organization, the response shall state the full name and present or last known address and telephone number of the corporation, partnership, firm or other entity.

(B) When used in reference to an individual, the response shall state his or her full name, present or last known address and telephone number, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(C) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of

the document to its answers.

(D) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (C) above.

(E) When used in reference to an event, meeting, discussion or telephone conversation, the response shall identify the time, date, and location thereof. The response shall also state the circumstances of the occurrence identified; the identity of each person who participated in such meeting, discussion, or telephone conversation; a summary of what was discussed; and whether any notes, minutes, or other memoranda were made of the event, meeting, discussion, or telephone conversation, and if so, to identify the notes, minutes or other memoranda as instructed in subparagraph (C).

11. "Describe in detail" or "state in detail," as used herein, means the following:

(A) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(B) Particularize as to:

(1) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(2) the specific acts of each person participating in each such event;

(3) the date and time of each such event;

(4) the address and location of each such event; and

(5) the identity of each person present during each such event.

12. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

13. The word "substantiate" means to identify each document and/or communication, upon which you rely in making the reference, contention or response, and to state any other facts relating to the reference, contention or response.

14. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

15. That which "concerns," "refers," or "relates" to any

given subject is that which constitutes, contains, embodies, reflects, advises, states or is in any way relevant to a given subject.

16. Singular words mean and include the singular or plural. Plural words mean and include the plural or singular.

17. "And" and "or" mean "and/or."

18. "Communication" means all forms of communication, however transmitted, including all written and oral communications.

**INSTRUCTIONS**

1. In responding to these discovery requests, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of Elizabeth Porter, or EP Productions, Inc., or its agents, employees, consultants, experts, attorney, or appearing in their documents, not merely information within the personal knowledge of the individual(s) executing EP's answer to interrogatories.

2. Each interrogatory and document request shall be construed to cover the period commencing with January 2002 to the present.

3. If the following interrogatories cannot be answered in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify the inability to answer the remainder, and state whatever information or

knowledge plaintiffs have concerning the unanswered portion.

4. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

5. To the extent you consider any of the following document requests, interrogatories, or subparts thereof, to be objectionable, answer the portion of the document request, interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the document request, interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds therefor. Should you claim privilege for any documents about which information is requested for any of the following production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

6. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which

you object or otherwise decline to answer, state the reason for such objection or declination.

## DEFENDANT'S FIRST SET OF INTERROGATORIES

**Interrogatory Number 1:**

Please describe in detail the documents, oral statements, or representations upon which you intend to rely in support of the allegation contained in paragraph 138 of your answer, that the "statements and certifications [in Ms. Porter's notarized statement, provided to the Government on October 4, 2002], including the content thereof, were done at the direction of government employees and officers."

**Response:**

**Interrogatory Number 2:**

Please describe in detail the documents, oral statements, or representations upon which you intend to rely in support of the allegation contained in paragraph 126 of your answer, that "other factors, including discounts and credits make up" the actual food and beverage expenses charged by the Adams Mark Denver Hotel for the 2004 SDDC Symposium.

**Response:**

<u>Interrogatory Number 3</u>:

Please describe in detail the documents, oral statements, or representations upon which you intend to rely in support of the allegations contained in paragraph 58 of your complaint.

**<u>Response:</u>**

<u>Interrogatory Number 4</u>:

Please describe in detail the documents, oral statements, or representations upon which you intend to rely in support of the allegations contained in paragraphs 80 and 81 of your complaint, that Ms. Porter expended 186 hours preparing the termination for convenience settlement proposal and that the billed rate of $75.00 per hour is reasonable.

**<u>Response:</u>**

**Interrogatory Number 5:**

Please describe in detail the documents, oral statements, or representations upon which you intend to rely in support of the allegations in paragraph 95 of your complaint.

**Response:**

**Interrogatory Number 6:**

Please describe in detail, and provide the documents establishing, the basis for determining the 2004 SDDC Symposium Registration Fee to be charged attendees.

**Response:**

REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide the document which Ms. Elizabeth Porter Taylor purported to quote verbatim in a notarized letter, dated October 4, 2002, as stating, "[t]he Group agrees to spend a minimum of $350,000 for banquet and meeting food and beverage over the dates of the Event . . . ."

2. Please provide all documents, including billing records, receipts, invoices, correspondence, business or financial records, etc., between the Adams Mark Denver Hotel, and EP Productions and/or Porter Productions and/or Elizabeth Porter, concerning the Group Sales Contract, dated January 23, 2002.

3. Please provide all documents, including billing records, receipts, invoices, correspondence, business or financial records, etc., relating to the event described in the Group Sales Contract, dated January 23, 2002, and coordinated at the Adams Mark Denver Hotel by EP Productions and/or Porter Productions and/or Elizabeth Porter, from March 17, 2004, through March 27, 2004, including documentation of actual expenses incurred by EP Productions and/or Porter Productions and/or Elizabeth Porter, in conducting the March 2004 event, and documents substantiating that the expenses directly related to the March 2004 event at the Adams Mark Denver Hotel.

4. Please provide documentation substantiating the amount of registration fees collected from attendees of the 2004 SDDC

symposium at the Adams Mark Denver Hotel, held from March 17, 2004, through March 27, 2004, including the number of attendees and the amount of fees received from each.

5. Please provide all documents, including contracts, billing records, receipts, cancelled checks, invoices, correspondence, business or financial records, etc., to support and justify EP's claim that it owed and/or made payment in the amount of $150,923.75 to Red-E Productions for leased equipment to be used at the cancelled 2003 SDDC Symposium.

6. Please provide all documents, including contracts, billing records, receipts, cancelled checks, invoices, correspondence, business or financial records, etc., to support and justify EP's claim that it made payment in the amount of $11,558.00 for the salaries and/or expenses of room monitors to be employed at the cancelled 2003 SDDC Symposium.

7. Please provide all documents, including employee payment records, billing records, receipts, cancelled checks, invoices, correspondence, business or financial records, etc., to support and justify EP's claim that it incurred $7,500.00 in expenses to perform tasks associated with cancellation of the 2003 SDDC Symposium.

8. Please provide documentation (airline tickets, vouchers, receipts, invoices, business or financial records, etc.) substantiating EP's claim in the amount of $768.40 for the

purchase of airline tickets to attend a settlement proposal meeting on February 2, 2004.

9. Please provide all documents, including employee payment records, billing records, receipts, cancelled checks, invoices, correspondence, business or financial records, etc., to support and justify EP's claim that it incurred $13,950.00 in costs and expenses to prepare EP's termination for convenience settlement proposal.

10. Please provide all documents upon which you intend to rely to establish proof of your claims and/or damages.

11. Please provide all documents that substantiate or contradict the allegations contained in your complaint and/or answer.

12. Please provide all other documents upon which you intend to rely or use at trial.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

Kelly B. Blank /by Harold D. [signature]

KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 353-7578
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:

CAPTAIN PATRICK BUTLER
Attorney
United States Army Legal
Services Agency

January 20, 2006

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 20th day of January, 2006, I caused to be sent, by Federal Express copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS" as follows:

Robert A. Fricks, Esq.
The Fricks Firm, P.C.
239-B Smithville Church Rd.
Warner Robins, GA 31088
Tel: (478) 953-2312

________________________